**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

STOCKWALK GROUP, INC.,

Plaintiff,

**CIV. NO. 01-2043 JEL/JGL**

vs.

GEORGE E. KLINE,

Defendant.

**STIPULATION AND ORDER FOR ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF**

---

**FACTUAL BACKGROUND**

Plaintiff Stockwalk Group, Inc. ("Stockwalk") and Defendant George E. Kline ("Kline"), through their undersigned counsel, hereby stipulate and agree to the following factual background:

1. Kline served as a director of NM Holdings, Inc. ("NM Holdings"), and later of Stockwalk, from March 1994 until September 2000. NM Holdings became Stockwalk following a merger with Miller, Johnson and Kuehn ("MJK") in 1999.

2. Kline was also, at all times relevant to these proceedings, the president, chief executive officer and sole shareholder of Protective Mouthguards, Inc. ("PMI").

3. In December 1998, Kline purchased 47,000 shares of NM Holdings stock through PMI. Kline never disclosed these purchases to the Securities Exchange Commission, as required by Section 16(a) of the Securities Exchange Act of 1934 ("Exchange Act").

SEP 0 5 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD SEP 0 5 2002
DEPUTY CLERK

4. Acting on behalf of NM Holdings, Kline met with representatives of MJK in early 1999 to discuss the possibility of a merger between MJK and NM Holdings.

5. Kline never disclosed his purchases of NM Holdings stock to MJK during the course of these negotiations.

6. Kline subsequently arranged for PMI to purchase an additional 20,000 shares of NM Holdings stock between February 27 and March 4, 1999. Kline failed to report these transactions to the Securities and Exchange Commission, as required by Section 16(a) of the Exchange Act.

7. Kline was the beneficial owner of the 67,000 shares of NM Holdings stock purchased through PMI, as he was the president, chief executive officer and sole shareholder of PMI.

8. MJK and NM Holdings announced their intended merger in March 1999. Between March 19 and May 12, 1999, Kline took advantage of the resulting increase in the price of NM Holdings stock and sold the 67,000 shares of NM Holdings stock purchased between December 1998 and March 1999. Less than six months had elapsed between Kline's purchases and sales of the NM Holdings stock. Kline never reported these transactions to the Securities Exchange Commission as required by Section 16(a) of the Exchange Act.

9. Kline's short-swing transactions generated a profit of $476,215.33.

10. Kline's failure to disclose his trading activities to the Securities Exchange Commission violated Section 16(a) of the Exchange Act.

11. Kline's short-swing trading activities violated Section 16(b) of the Exchange Act.

Pursuant to Section 16(b), therefore, Stockwalk is entitled to recover the profits generated by Kline's short-swing trading activities. The parties, therefore, hereby stipulate and agree to the following:

**STIPULATION**

1. Stockwalk is entitled to judgment in its favor, in the amount of $476,215.33.

Dated: September 4, 2002

LEONARD, STREET AND DEINARD
Professional Association

By [signature]
Lawrence J. Field (#125775)
Monica L. Davies (#315023)

150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500

ATTORNEYS FOR PLAINTIFF
STOCKWALK GROUP, INC.

Dated: September 4, 2002

DOUGLAS A. KELLEY, P.A.

By [signature]
Douglas A. Kelley (#54525)
Steven E. Wolter (#170707)

Centre Village Offices, Suite 2530
431 South Seventh Street
Minneapolis, Minnesota 55415
Telephone: (612) 371-9090

ATTORNEYS FOR DEFENDANT
GEORGE E. KLINE

**ORDER**

Based upon the foregoing Stipulation of the parties, IT IS HEREBY ORDERED:

1. Judgment shall be entered in favor of Plaintiff Stockwalk Group, Inc., in the amount of $476,215.33.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: 9-5-02

The Honorable Joan E. Lancaster
United States District Court